**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| Peter Morgan<br>617 E. 5th Street<br>Alton, IL 62002<br><br>Kim Morgan<br>617 E. 5th Street<br>Alton, IL 62002<br><br>    Plaintiffs,<br><br>v.<br><br>Commercial Recovery Systems, Inc.<br>c/o Illinois Corporation Service Co.<br>800 Adlai Stevenson Drive<br>Springfield, IL 62703<br><br>    Defendant. | CASE NO.: 3:07-cv-420-DRH-DGW<br><br>JUDGE: David R. Herndon<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS COLLECTION AGENCY ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiffs are persons who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant has acted as a collection agency under the Illinois Collection Agency Act, 225 ILCS 425/3..

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. All of Defendant's actions occurred within one year of the date of this Complaint.

10. Defendant began contacting Plaintiffs regarding Plaintiffs' debt in January, 2007.

11. On January 9, 2007, Defendant's employee, Mr. Johnson, contacted Plaintiffs and misrepresented that he was a police officer and threatened to arrest Plaintiff Peter Morgan if Plaintiffs did not make a payment.

12. Defendant does not employ anyone with the power to arrest consumers.

13. On February 19, 2007, Plaintiffs retained Legal Helpers to file a Bankruptcy.

14. On February 22, 2007, Plaintiffs informed Defendant's employee, Mr. Johnson, that they there were represented by an attorney, provided contact information for their attorney, and requested that all future communications be addressed to their attorney.

15. On February 22, 2007, within five minutes of Plaintiff's request that Defendant contact Plaintiff's attorney, Mr. Johnson again called and screamed at Plaintiff Peter Morgan and refused to make further note of Plaintiffs' attorney's contact information when Plaintiffs reiterated that Defendant must contact their attorney.

16. On April 11, 2007, Defendant's employee, Mr. Abbott, called Plaintiff Kim Morgan at home, referenced case number 2290756, but did not disclose that he was a debt collector.

17. On more than one occasion, Defendants employees have screamed at Plaintiffs while calling Plaintiffs at home.

18. Plaintiffs are emotionally distraught and have been compelled to hire counsel to bring this action.

19. Defendant has damaged Plaintiffs mentally and emotionally and has caused a substantial degree of anxiety and stress.

20. Mr. Johnson and Mr. Abbott are employees of the Defendant and at all times alleged herein acted within the scope of their employment.

21. Defendant is liable for the conduct of its employees under the doctrine of Respondeat Superior.

22. Defendant violated the Fair Debt Collection Practices Act.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e(1) on January 9, 2007, when Defendant's employee, Mr. Johnson, misrepresented that he was a police officer.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e(4) and e(7) on January 9, 2007, when Defendant's employee, Mr. Johnson, threatened to arrest Plaintiff Peter Morgan.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e(5) on January 9, 2007, when Defendant's employee, Mr. Johnson, threatened to arrest Plaintiff Peter Morgan - an action which Defendant could not legally undertake.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e on January 9, 2007, when Defendant's employee, Mr. Johnson, made false, deceptive, and misleading representations to Plaintiff Peter Morgan.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692c on February 22, 2007, when Defendant again contacted Plaintiff notwithstanding the fact that the Defendant was told by the Plaintiff they were represented by an attorney.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e(11) on April 11, 2007, when Defendant failed to advise Plaintiff that Defendant was a debt collector.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692d on several occasions when Defendant's employees screamed at the Plaintiffs while calling Plaintiffs at home.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692f in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT NINE

### Violation of the Illinois Collection Agency Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 225 ILCS 425/9(11) when Defendant's employee, Mr. Johnson, stated that he was a police officer and would arrest Plaintiff Peter Morgan.

## COUNT TEN

### Violation of the Illinois Collection Agency Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. The Defendant violated 225 ILCS 425/9(31) when Defendant's employee, Mr. Johnson, stated that he was a police officer and would arrest Plaintiff Peter Morgan.

## COUNT ELEVEN

### Violation of the Illinois Collection Agency Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 225 ILCS 425/9(16) when Defendant's employees screamed at Plaintiffs on multiple occasions.

## COUNT TWELVE

### Violation of the Illinois Collection Agency Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 225 ILCS 425/9(31) when Defendant's employees screamed at Plaintiffs on multiple occasions.

## **JURY DEMAND**

47. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

48. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual and statutory damages under 225 ILCS 425/9.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:     /s/ Jeffrey S. Hyslip
    Jeffrey Hyslip
    Attorney for Plaintiff
    20 West Kinzie; Suite 1300
    Chicago, IL 60610
    Telephone: 312-753-7536
    jsh@legalhelpers.com